IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION



SOUTHERN DISTRICT OF MISSISSIPPI
FILED
JUN 27 2018
ARTHUR JOHNSTON
BY _____ DEPUTY

UNITED STATES OF AMERICA

v.  CRIMINAL NO. 2:18cr22-KS-MTP

SILAS K. RICHMOND, II  18 USC § 1349

## INFORMATION

**The United States Attorney charges:**

At all times relevant to this Information:

### GENERAL ALLEGATIONS

1. TRICARE, administered by the United States Department of Defense, was a federal health care benefit program that provided health care benefits to members of the United States military, as well as to their families, in addition to military retirees.

2. TRICARE was a "health care benefit program" within the meaning of Title 18, United States Code, Section 24(b).

3. Individuals who qualified for TRICARE benefits were commonly referred to as "beneficiaries."

4. Medical service providers, including hospitals, clinics, physicians, nurse practitioners, and pharmacies ("service providers"), meeting certain criteria, could provide medical services to TRICARE beneficiaries, and subsequently submit claims, either electronically or in hardcopy, to TRICARE seeking reimbursement for the cost of services provided.

5. TRICARE provided prescription drug coverage, including prescription coverage for compounded medications, to eligible beneficiaries through its pharmacy program.

6. Compounded medications were drugs that were combined, mixed, or altered from other drugs by licensed pharmacists or other licensed practitioners, pursuant to valid prescriptions issued by licensed medical professionals, including physicians and nurse practitioners collectively, ("prescribers"), to meet the specific needs of individual patients.

7. Prescribers, including licensed physicians and nurse practitioners, could prescribe compounded medications to patients upon considering patients' diagnoses, medical conditions, health factors, and reactions to other medications, and only after determining that commercially available medications were not as beneficial or potentially inappropriate or harmful to patients.

8. For prescription drugs, including compounded medications, to be appropriately reimbursed, TRICARE required that these drugs be dispensed pursuant to valid prescriptions and be medically necessary for the treatment of covered illnesses. In other words, TRICARE would not reimburse prescription drugs, including compounded medications, which were not medically necessary or dispensed without a valid prescription.

9. Pharmacy 1 was a pharmacy located in Madison County, Mississippi in the Southern District of Mississippi. Compounding was the primary business of Pharmacy 1.

10. Co-Conspirator 1 was an owner of Pharmacy 1.

11. Defendant **SILAS K. RICHMOND, II ("RICHMOND")**, of Jackson, Mississippi, a licensed pharmacist in the state of Mississippi, referred beneficiaries to Pharmacy 1 and Co-Conspirator 1 to receive compounded medications reimbursed by TRICARE.

### COUNT 1

12. The allegations at paragraphs one through eleven of this Information are re-alleged and incorporated by reference as though fully set forth herein.

13. Beginning in or around December 2014, and continuing through in or around

August 2015, in Forrest County, in the Eastern Division of the Southern District of Mississippi and elsewhere, the defendant, **SILAS K. RICHMOND, II**, did knowingly and willfully, that is, with the intent to further the object of the conspiracy, combine, conspire, confederate, and agree with Co-Conspirator 1 and other persons known and unknown to commit an offense against the United States, that is, to knowingly and willfully execute a scheme and artifice to defraud TRICARE, a health care benefit program affecting commerce, as defined in Title 18, United States Code, Section 24(b), and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by, and under the custody and control of, said health care benefit program, in connection with the delivery of and payment for health care benefits, items and services, in violation of Title 18, United States Code, Section 1347.

## PURPOSE OF THE CONSPIRACY

14. It was a purpose of the conspiracy for the defendant and his co-conspirators to unlawfully enrich themselves by, among other things, (a) submitting and causing the submission of false and fraudulent claims to TRICARE; (b) submitting and causing the submission of claims to TRICARE based upon materially false and fraudulent pretenses, representations and promises; and (c) concealing the submission of false and fraudulent claims to TRICARE.

## MANNER AND MEANS

The manner and means by which the defendant and their co-conspirators sought to accomplish the object and purpose of the conspiracy included, among other things:

15. In or around December 2014, Co-Conspirator 1 recruited **RICHMOND** to serve as a marketer for Pharmacy 1.

16. As a marketer for Pharmacy 1, **RICHMOND** solicited TRICARE beneficiaries to receive compounded medications to be dispensed by Pharmacy 1.

17. Upon soliciting TRICARE beneficiaries to receive compounded medications,

**RICHMOND** provided to Co-Conspirator 1 the personal identifying information ("PII") of the solicited TRICARE beneficiaries with the expectation that Pharmacy 1 would use that information to fill and dispense prescriptions for compounded medications to the beneficiaries, and seek reimbursement from TRICARE for doing so.

18. As a marketer for Pharmacy 1, **RICHMOND** solicited an individual to locate TRICARE beneficiaries whose PII **RICHMOND** could ultimately provide to Co-Conspirator 1. Specifically, on at least one occasion, **RICHMOND** received and provided to Co-Conspirator 1 the PII of a TRICARE beneficiary who resided in Forrest County, Mississippi ("Forrest County Beneficiary"). On this occasion, Co-Conspirator 1 caused a prescription for compounded medications to be delivered to Pharmacy 1 even though the Forrest County Beneficiary had never been personally examined by a physician to determine medical necessity for this prescription. In turn, Pharmacy 1 dispensed the compounded medication, via mail, to the Forrest County Beneficiary, and, in turn, submitted a claim for reimbursement to TRICARE.

19. **RICHMOND** knew or deliberately closed his eyes to the fact that the beneficiaries he solicited to receive compounded medications did not need the compounded medications, or, in other words, **RICHMOND** knew or deliberately closed his eyes to the fact that the compound medications were medically unnecessary to treat the beneficiaries.

20. In exchange for providing Co-Conspirator 1 with the PII of TRICARE beneficiaries who were willing to receive compounded medications, Co-Conspirator 1 paid **RICHMOND** a portion of the amount reimbursed by TRICARE for those compounded medications dispensed by Pharmacy 1.

21. Between approximately December 2014 and May 2015, Pharmacy 1 caused approximately $545,916.96 to be billed to TRICARE for compounded medications for TRICARE

beneficiaries whom **RICHMOND** referred to Co-Conspirator 1.

22. Between approximately January 2015 and May 2015, Co-Conspirator 1 paid **RICHMOND** approximately $21,363.31 in kickbacks for TRICARE beneficiaries whom **RICHMOND** referred to Co-Conspirator 1.

All in violation of Title 18, United States Code, Section 1349.

## NOTICE OF INTENT TO SEEK CRIMINAL FORFEITURE

As a result of committing the offense alleged in this Information, the Defendant shall forfeit to the United States all property involved in or traceable to property involved in the offense, including but not limited to all proceeds obtained directly or indirectly from the offense, and all property used to facilitate the offense. Further, if any property described above, as a result of any act or omission of the defendant: (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property, which cannot be divided without difficulty, then it is the intent of the United States to seek a judgment of forfeiture of any other property of the defendant, up to the value of the property described in this notice or any bill of particulars supporting it.

All pursuant to Title 18, United States Code, Section 982.

_____
D. MICHAEL HURST, JR.
UNITED STATES ATTORNEY